UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| LEON MARCUS, | Civil Action No. 11 CV 1722  JNE /JSM |
| Plaintiff, | |
| vs. | |
| SCHULZ BOAT CO., | |
| WALTER SCHULZ, | |
| and | |
| WILLIAMS RAMOS. | |
| Defendants. | |



## COMPLAINT -- JURY DEMANDED

### Introduction

Plaintiff Leon Marcus sues the named defendants jointly and severally for breach of contract, unjust enrichment in quasi-contract, and promissory estoppel. Plaintiff sues defendant Schulz Boat Co. for declaratory and equitable relief to pierce the corporate veil and declare it to be the *alter ego* of defendant Walter Schulz. Plaintiff demands trial by jury on all claims triable to the jury.

**Subject Matter Jurisdiction**

1. Plaintiff Leon Marcus (plaintiff, Marcus), an adult individual, domiciles in Minnesota.

2. Defendant Schulz Boat Co. is a corporation with its headquarters and principal place of business in Rhode Island.

1

3. Defendant Walter Schulz, an adult individual, domiciles in the state of Massachusetts.

4. Defendant William Ramos, an adult individual, domiciles in the state of Rhode Island.

5. Plaintiff sues the defendants jointly and severally for common law breach of contract for damages in excess of seventy-five thousand dollars (>$75,000).

6. Plaintiff enjoys diversity of citizenship with respect to each defendant.

7. Plaintiff invokes the jurisdiction of the court in accordance with 28 U.S.C. § 1332.

**Venue**

8. Plaintiff lays venue in accordance with 28 U.S.C. § 1391.

**Facts**

9. Schulz Boat Co. is a corporation, licensed in Rhode Island for all lawful operations.

10. Schulz Boat Co. has, as its principal business, the construction and sale of luxury watercraft.

11. On information and belief after reasonable inquiry and plaintiff's personal knowledge of Schulz Boat Co., Walter Schulz owns approximately eighty percent (80%) of the shares of Schulz Boat Co.

12. On information and belief after reasonable inquiry and plaintiff's personal knowledge of Schulz Boat Co., William Ramos owns a significant share of the shares of Schulz Boat Co. not owned by Mr. Walter Schulz.

13. Schulz Boat Co. enters a into consulting and work agreement with plaintiff in May 2007.

14. Schulz Boat Co. agrees to pay plaintiff $125,000 at the rate of $1,000 per month for one hundred twenty-five (125) consecutive months, in consideration for present and ongoing consulting work relating to the formation of Schulz Boat Co., the business operations of Schulz Boat Co., and the exiting from receivership of Schulz Boat Co.

15. Defendants memorialize the terms of the consulting agreement in an email to the plaintiff.

16. Plaintiff performs all material terms of his contractual obligations, including work for Schulz Boat Co. during its period of receivership.

17. Defendant Walter Schulz makes a spoken admission in January 2008 introducing plaintiff as the man "who save all the jobs" at Schulz Boat Co.

18. Schulz Boat Co. pay plaintiff $43,000, one thousand dollars per month, from May 2007 through December 2010.

19. Schulz Boat Co. pays plaintiff $1,000 in March 2011 after failing to pay plaintiff in January and February 2011.

20. Schulz Boat Co. breaches its contract by failure to pay plaintiff in accordance with the consulting contract, without lawful cause, without consent, without mutual reformation, and without any superseding force.

21. Schulz Boat Co.'s breach of contract inflicts damages upon plaintiff of eighty-one thousand dollars ($81,000).

22. Plaintiff makes efforts to mitigate his damages by multiple notices to the defendants of the breach of contract and multiple efforts to seek restoration of the contract to the *status quo ante* the breach.

23. The defendants have rejected all the efforts of the plaintiff to mitigate damages and to restore the contract to the *status quo ante*.

24. On information and belief after reasonable inquiry and plaintiff's knowledge of the operations of Schulz Boat Co. and its predecessor, Shannon Boat Co., Schulz Boat Co. is the mere *alter ego* of defendant Walter Schulz, where there is such a unity of interest and ownership that the separate personalities of Walter Schulz and Schulz Boat Co. no longer exist in reality.

25. On information and belief after reasonable inquiry and plaintiff's knowledge of the operations of Schulz Boat Co. and its predecessor, Shannon Boat Co., Schulz Boat Co. operates with the benefit of the corporate form, but is, in fact, a mere veil for the actions of defendant Walter Schulz primarily, and defendant William Ramos secondarily.

## CLAIM I: BREACH OF CONTRACT

26. Plaintiff realleges and reasserts each and every claim and averment above.

27. Defendant Schulz Boat Co. breaches its consulting and work agreement contract with plaintiff.

28. Schulz Boat Co.'s breach of contract inflicts damages of eighty-one thousand dollars ($81,000) upon plaintiff.

## CLAIM II: QUASI-CONTRACT AND UNJUST ENRICHMENT

29. Plaintiff realleges and reasserts each and every claim and averment above.

30. Plaintiff confers a benefit upon defendant Schulz Boat Co.

31. Defendants Schulz Boat Co., Walter Schulz, and William Ramos appreciate the benefit that plaintiff confers on defendants.

32. Defendants accept the benefit the plaintiff confers.

33. The circumstances of the case make it inequitable and unjust for the defendants, jointly and severally, to retain the benefits conferred by plaintiff without paying the value thereof.

34. Defendants' actions, jointly and severally, result in the unjust enrichment of the defendants at the inequitable expense of the plaintiff, in the sum of eighty-one thousand dollars ($81,000).

## CLAIM III: PROMISSORY ESTOPPEL

35. Plaintiff realleges and reasserts each and every claim and averment above.

36. Defendants jointly and severally promised to confer a benefit upon plaintiff for consulting work for Schulz Boat Co.

37. Plaintiff reasonably and actually relied upon defendants' promises and inducements.

38. Plaintiff acted in detrimental reliance upon defendants' promises and inducements.

39. Defendants' actions inflicted harm upon plaintiff in the sum of eighty-one thousand dollars ($81,000).

## CLAIM IV: PIERCING THE CORPORATE VEIL

40. Plaintiff realleges and reasserts each and every claim and averment above.

41. Defendant Walter Schulz exercises such domination and control over Schulz Boat Co. that is so complete that Schulz Boat Co. has no separate mind, will, or existence of its own.

42. Defendant Walter Schulz uses this domination and control to inflict wrong and injustice.

43. Injury and unjust loss of eighty-one thousand dollars ($81,000) befalls the plaintiff as the direct result of the control and wrongdoing of defendant Walter Schulz by his abuse of the corporate form of Schulz Boat Co.

## WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:

A. Judgment for the plaintiff against the defendants, jointly and severally;

B. Damages in the favor of the plaintiff against the defendants, jointly and severally, for eighty-one thousand dollars ($81,000);

C. Declaratory and equitable relief to pierce the corporate veil of Schulz Boat Co., and to declare that all actions of Schulz Boat Co. are the actions of Walter Schulz;

D. Equitable relief for the benefit of the plaintiff of eighty-one thousand dollars ($81,000) in quasi-contract and promissory estoppel, against the defendants, jointly and severally;

E. Costs and disbursements;

F. Prejudgment interest; and

G. All other legal and equitable relief appropriate under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS TRIABLE TO THE JURY.

28 June 2011

Respectfully submitted:

PETER J. NICKITAS LAW OFFICE, LLC

/s/ Peter J. Nickitas

_____
Peter J. Nickitas, MN Att'y #212313
Attorney for plaintiff
431 S. 7th St., Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
Tel. 651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com,
PeterN5@aol.com, peterjnickitas@me.com

Reviewed and signed in accordance with Fed. R. Civ. P. 11 and Minn. Stat. § 549.211.

28 June 2011

/s/ Peter J. Nickitas
_____
Peter J. Nickitas